# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

IN RE: HYPODERMIC PRODUCTS ANTITRUST LITIGATION

MEDSTAR HEALTH, INC., *et al.*,

                        Plaintiffs,

-vs-

BECTON DICKINSON & COMPANY,

                        Defendant.

DECISION & ORDER ON MEDSTAR HEALTH, INC.'S MOTION FOR RECONSIDERATION

(MDL No. 1730)

09-MC-6027-CJS

## APPEARANCES

For Kevin Maier             Theodore S. Kantor, Esq.
                                  Bilgore, Reich, Levine & Kantor
                                  950 Reynolds Arcade Building
                                  16 East Main Street
                                  Rochester , NY 14614
                                  (585) 262-4700

For Medstar Health, Inc.     Torsten M. Kracht, Esq.
                                  Hunton & Williams
                                  1900 K Street, N.W.
                                  Washington , DC 20006-1109
                                  (202) 419-2149

## INTRODUCTION

**Siragusa, J.** This matter is before the Court on a motion (Docket No. 9) by MedStar Health, Inc. ("MedStar") to reconsider the Court's prior Decision and Order (Docket No. 8) quashing the deposition subpoena issued by MedStar. After reviewing the moving papers, the papers filed in opposition thereto, and MedStar's reply memorandum, the Court—.

## FACTUAL BACKGROUND

The Court's prior Decision and Order set out the factual background in detail and will presume familiarity with it. (Decision and Order, *In re : Hypodermic Products Antitrust Litigation*, No. 09-MC-6027-CJS (W.D.N.Y. Oct. 5, 2009).)

## STANDARDS OF LAW

As the Fifth Circuit has recognized, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). A motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion that suspends the time for filing a notice of appeal. *See id.*" *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000)."The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## ANALYSIS

MedStar's Rule 59(e) motion is timely. Fed. R. Civ. P. 6. In its prior Decision and Order, the Court's analysis was as follows:

> After due consideration, based upon the parties' submissions, the Court does not find that MedStar has shown that Maier's potential deposition testimony would lead to the discovery of relevant information on the issue of standing. The Court is, of course, at a disadvantage since it is unaware of the details of the issues being litigated in the District of New Jersey and has no knowledge of the underlying case other than the brief outlines submitted by both parties. In particular, neither party has indicated what factors affect whether RDC has, or does not have, standing in the underlying litigation. Maier's affidavit describes RDC as merely a reseller of Becton's

> products. This Court is unaware of the theory under which RDC claims standing in the antitrust litigation and, therefore, cannot determine whether Maier's deposition testimony might lead to relevant information.

(Decision and Order, *In re : Hypodermic Products Antitrust Litigation*, No. 09-MC-6027-CJS (W.D.N.Y. Oct. 5, 2009) at 6.) Based on this analysis, Maier argues that "MedStar *already* made the argument that RDC's accounting methodologies were relevant...[a]nd the Court considered that argument and determined that MedStar, which bore the burden of demonstrating relevance, had not made a sufficient showing." (Maier Mem. of Law (Docket No. 12) at 8 (emphasis in original).)

MedStar, in its memorandum in support of its motion for reconsideration, argues that relevance of the information sought from Kevin Maier ("Maier"), a former employee of Rochester Drub Co-Operative, Inc. ("RDC"), was not in contention on the original motion to quash the subpoena *until* Maier raised the issue for the first time in his reply memorandum of law. (MedStar Reply Mem. (Docket No. 14) at 5 ("Maier never claimed lack of relevance as grounds for refusing to comply with the subpoena in his written opposition that he served on the MedStar Plaintiffs...[a]nd he never cited lack of relevance in support of his motion to quash until he filed his reply papers.").)

However, in support of his position, Maier cites to MedStar's Opposition to the motion to quash (filed under seal) at pages two and four. At page four of the Opposition, MedStar wrote, "Mr. Maier cannot satisfy his heavy burden on this motion simply by relying on the fact that Mr. Kirker generally gave Rule 30(b)(6) testimony on behalf of RDC. For example, Mr. Kirker could not answer basic questions about RDC's accounting methodologies...." (MedStar Opposition at 4.)

The Court observed in its prior Decision and Order that,

> [t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *E.g., Salvatorie Studios, Int'l v. Mako's, Inc.*, 2001 U.S. Dist. LEXIS 11729, No. 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001) ("Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matters relevant to the claims and defenses of the parties. Here, the burden is on Mako's [who issued the subpoena] to demonstrate relevance.").

*Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382 (RWS), 2003 U.S. Dist. LEXIS 23179 (S.D.N.Y. Dec. 23, 2003); *see Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1).") (citations omitted).

In the letter Maier's counsel sent to counsel for MedStar, he objected to the subpoena on the following grounds:

> 1. You have already gotten Rule 30(b)(6) testimony from Rochester Drug Co-Operative, Inc. ("RDC") on the very same subjects on which you now seek Mr. Maier's testimony, making Mr. Maier's testimony cumulative and unduly burdensome. Not only can the testimony you seek be obtained from another source that is more convenient and less burdensome to Mr. Maier (see Rule 26(b)(2)(C)(i)), but that testimony already has, in fact, been obtained from another source.
>
> 2. Mr. Maier is a nonparty. He no longer is employed by RDC. Mr. Maier will lose time from work if he has to testify. Given that you have already accepted the designation of another Rule 30(b)(6) witness on behalf of ROC, seeking to compel Mr. Maier's testimony is unduly burdensome. That burden is not justified by any benefit Mr. Maier''s cumulative testimony could possibly afford you. See Rule 26(b)(2)(C)(iii).

(Letter from Theodore S. Kantor, Esq., to R. Laurence Macon, Esq. (Jul. 27, 2009), at 1 (attached to Motion to Quash Subpoena).) In the accompanying memorandum, Maier argued that the Court "must quash or modify a subpoena that 'subjects a person to undue buden.'" (Maier Mem. of Law (Docket No. 1-4) at 2, quoting Fed. R. Civ. P. 45(c)(3).) Maier further cited to Federal Rule of Civil Procedure 26(b)(2), arguing that the subpoena sought discovery

-4-

that was unreasonably cumulative or duplicative. (*Id.* ("The Subpoena issued to Maier should be quashed because if fails all three of the Rule 26(b)(2) tests.") It was in his reply memorandum that Maier first raised the issue of relevance under Federal Rule of Civil Procedure 26(b)(2). (Maier Reply Mem. of Law (Docket No. 7), at 1–3.)

The question, then, is whether MedStar needed to demonstrate the relevance of the information sought from Maier in the absence of any objection to the subpoena on the grounds of relevance. In that regard, however, the law cited in the Maier's reply is clear—a proponent of a subpoena has the initial burden of showing the evidence sought is relevant. *Koch v. Greenberg*, No. 07 Civ. 9600 (BSJ)(DF), 2009 U.S. Dist. LEXIS 61913 (Jul. 14, 2009). In *Koch*, Magistrate Judge Freeman noted the following:

> Subpoenas issued under Rule 45 are subject to Rule 26(b)(1)'s overriding relevance requirement, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *During v. City Univ. of N.Y.*, No. 05 Civ. 6992 (RCC)(RLE), 2006 U.S. Dist. LEXIS 53684, at *7 (S.D.N.Y. Aug. 1, 2006). "'Relevance' for purposes of discovery, moreover, is synonymous with 'germane' and…it should not be read as meaning 'competent' or 'admissible.'" *Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 556 (S.D.N.Y. 1996) (citation omitted). If the documents called for by the subpoena are found to be relevant and potentially discoverable, a Court must then consider whether additional Rule 26 limitations on discovery apply. *During*, 2006 U.S. Dist. LEXIS 53684, at *7. In particular, the Court must limit discovery to the extent that it would be "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Under Rule 45(c)(3), a court must quash or modify a subpoena that "subjects a person to undue burden."

*Id.* at *6–7. The Court's conclusion in its prior Decision and Order, that it could not determine whether Maier's deposition testimony might lead to relevant information, resulted from MedStar's lack of evidence or argument regarding the relevance of Maier's anticipated testimony on the issue of antitrust litigation standing and RDC's accounting procedures. In its motion for reconsideration, MedStar has flushed out its theory.

On reconsideration, MedStar is obligated to point out controlling decisions or data that the Court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Overlook is defined as, "to fail to see or observe; to pass over without noticing; to leave out of consideration, disregard, ignore." "overlook, v." OED Online, Dec. 2009, Oxford University Press, available at http://dictionary.oed.com/cgi/entry/00337354 (last accessed March 3, 2010). The Court is unaware of the controlling decisions or data it overlooked, and MedStar, in its motion to reconsider, has not pointed to any. The Court disagrees with MedStar's characterization of the "genesis of [the Court's] disadvantage" being that Maier never raised a relevancy objection. The law, as cited by the Court above, places the burden on the proponent of the discovery sought, to show the relevance, which MedStar did not do until its motion to reconsider. In that regard, a motion for reconsideration is not the vehicle for bringing to the Court's attention new matter that was in existence at the time of the original motion. In the interest of finality, the Court, exercising its discretion, denies the motion to reconsider.

## CONCLUSION

MedStar's application (Docket No. 9) to reconsider the Court's prior Decision and Order granting Maier's motion to quash MedStar's subponea, is denied.

IT IS SO ORDERED.

Dated: March 4, 2010
Rochester, New York

ENTER: *Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge